IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TONY RAY JONES | § | |
| v. | § | CIVIL ACTION NO. 6:14cv58 |
| UT MEDICAL BRANCH, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Tony Jones, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Jones named the University of Texas Medical Branch as well as Dr. Gary Wright, Nurse Practitioner Melvin Wright, and Physician's Assistant Monica Pickthall.

Jones complained that the Defendants were deliberately indifferent to his serious medical needs. After answering the lawsuit, the individual Defendants filed a motion for summary judgment asserting that they were not deliberately indifferent and invoking the defense of qualified immunity. Jones filed a response to the motion for summary judgment.

After reviewing the pleadings, the magistrate judge issued separate reports recommending that Jones' claims against the University of Texas Medical Branch be dismissed as frivolous and for failure to state a claim, and that the individual Defendants' motion for summary judgment be granted. Jones filed objections to the latter report contending that "mass incarceration for profit is the new law of the land," dismissal of a prisoner's complaint without appointing counsel and "the full running course of the suit" violates the Sixth Amendment, and he would be entitled to "the best treatment money can buy" if he was a federal judge, prosecutor, or police officer in prison. Jones also asserts that he did not consent to have a magistrate judge hear his case.

The district court may, without parties' consent, assign matters to a magistrate judge for a

report and recommendation pursuant to 28 U.S.C. §636(b). Newsome v. EEOC, 301 F.3d 227, 230 (5th Cir. 2002). The remainder of Jones' objections do not address the issues of whether or not the medical care he received amounted to deliberate indifference or the questions of absolute and qualified immunity.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); *Funeral Consumers Alliance Inc. v. Service Corp. International*, 695 F.3d 330, 347 (5th Cir. 2012). Upon the appropriate *de novo* review, the Court has determined that the reports of the magistrate judge are correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the reports of the magistrate judge (docket no.'s 12 and 24) are **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted as to the Plaintiff's claims against the University of Texas Medical Branch, and **DISMISSED WITH PREJUDICE** as to the remaining claims and Defendants in the lawsuit. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

It is SO ORDERED.
SIGNED this 5th day of May, 2015.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE